```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
PHILIP SARNER,

                    Plaintiff,              MEMORANDUM & ORDER
                                             08-CV-3281(JS)
         - against -

MICHAEL J. ASTRUE, COMMISSIONER OF
THE SOCIAL SECURITY ADMINISTRATION,

                    Defendant.
----------------------------------------X
APPEARANCES:
For Plaintiff:      Philip Sarner, Pro Se
                    09-A-1529
                    Bare Hill Correctional Facility
                    Caller Box #20
                    181 Brand Road
                    Malone, NY 12953-0020

For Defendant:      James Halleron Knapp, Esq.
                    United States Attorneys Office
                    Eastern District of New York
                    610 Federal Plaza
                    Central Islip, NY 11722

                    Michelle L. Christ, Esq.
                    United States Attorney's Office
                    Eastern District of New York
                    271 Cadman Plaza East, 7th Floor
                    Brooklyn, NY 11201
```

SEYBERT, District Judge:

On August 13, 2008, pro se Plaintiff, Philip Sarner, commenced this action in forma pauperis, seeking review of an administrative law judge's decision pursuant to 42 U.S.C. § 405(g). Pending before the Court is Plaintiff's motion for appointment of counsel. For the reasons set forth below, Plaintiff's request is denied at this juncture.

Pursuant to 28 U.S.C. § 1915(e)(1), courts may appoint an

attorney to represent someone unable to afford counsel. Courts possess broad discretion when determining whether appointment is appropriate, "subject to the requirement that it be 'guided by sound legal principle.'" Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 171-72 (2d Cir. 1989) (quoting Jenkins v. Chemical Bank, 721 F.2d 876, 879 (2d Cir. 1983)). The Second Circuit set forth the guiding legal principle as follows:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986).

The Second Circuit has explained that these factors are not restrictive and that "[e]ach case must be decided on its own facts." Id. at 61. A developed record assists the court in this regard. See Brooks v. New York, No. 92-CV-1508, 1992 WL 320402, at *3 (S.D.N.Y. Oct. 29, 1992) (denying, without prejudice, appointment of counsel based on pleadings' failure to satisfy Hodge's required threshold showing of likely merit).

In the instant case, Plaintiff seeks review of an administrative law judge's decision pursuant to 42 U.S.C. § 405(g).

2

The Court has reviewed Plaintiff's application and finds that the appointment of counsel is not warranted at this stage of the litigation because Plaintiff has not satisfied the threshold requirement of Hodge.  Moreover, even apart from the threshold requirement, the Court is unable to conclude at this juncture in the litigation--after considering the above referenced Hodge factors in the context of the Complaint--that the appointment of counsel is warranted.

Accordingly, Plaintiff's application for appointment of counsel is DENIED.  However, the Court may appoint counsel on its own accord at a later point, without Plaintiff's reapplication, if it finds that the circumstances of the proceeding have changed such that appointment of counsel is warranted.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   January   15  , 2010
         Central Islip, New York