```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
PHILIP SARNER,

                        Plaintiff,

        -against-                              MEMORANDUM & ORDER
                                               08-CV-3281(JS)
MICHAEL J. ASTRUE, Commissioner of
Social Security,

                        Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:     Philip Sarner, pro se
                   290 South Ocean Avenue
                   Freeport, New York 11520

For Defendant:     Michelle L. Christ, Esq.
                   United States Attorney's Office
                   Eastern District Of New York
                   271 Cadman Plaza East, 7th Floor
                   Brooklyn, NY 11201
```

SEYBERT, District Judge:

Pro se Plaintiff Philip Sarner appeals the decision of the Commissioner of Social Security (the "Commissioner") denying in part Plaintiff's application for Childhood Disability Benefits and Social Security Income Benefits. (See R. 11.) The Commissioner moved for judgment on the pleadings. For the following reasons, the Commissioner's motion is DENIED, and this case is remanded to the Commissioner for further consideration consistent with the discussion below.

BACKGROUND

Plaintiff claims that his depressive disorder and attention deficit disorder rendered him disabled beginning on October 30, 2002. (See R. 11.) In a partially favorable decision, the Administrative Law Judge (the "ALJ") concluded that Plaintiff was disabled as of March 1, 2005 but was not entitled to benefits for the period before that date. (See R. 11-13.) Specifically, the ALJ found that any disability Plaintiff may have suffered prior to March 1, 2005 was not independent of Plaintiff's history of drug and alcohol abuse and, accordingly, Plaintiff was ineligible for benefits during that period. (R. 12.)

> In relevant part, the ALJ's decision reads as follows:
>
> The remainder of the record reflects treatment for and symptomatology associated with a depressive disorder and attention deficit disorder. However, until March 1, 2005, noteworthy among the claimant's various hospitalizations and treatments, is a thread of substance abuse. More specifically, when hospitalized on May 21, 2004, cocaine/alcohol/and marijuana abuse were noted. In addition, treatment notes from the Nassau County Corrections Center, spanning the period of May 2004 through June 2006, cite a diagnosis of cocaine abuse. The claimant was also hospitalized at Good Samaritan Hospital on February 18, 2005, for an overdose of pills. However, since said time, the claimant has consistently been clean and sober.
>
> The claimant is currently under the care of Dr. A. Nagra. In a recent questionnaire

dated October 4, 2006, the doctor furnished diagnoses of a mood disorder and attention deficit disorder. In an addendum thereto, he stated that the claimant has been clean and sober for "more than one year." Pertinent clinical findings included mood disturbance, emotional liability and suicidal ideation. Functionally, Dr. Nagra noted serious restrictions regarding the claimant's ability to be employed.

The Administrative Law Judge finds, based upon all of the evidence of record, that the claimant is severely impaired by a depressive disorder and attention deficit disorder, which in and of themselves, prior to March 1, 2005, did not prevent understanding, remembering and carrying out work instructions nor responding appropriately to co-workers, supervisors and customary work pressures in a work setting. It was only when the claimant's substance abuse was added to the mix that it could be said that the claimant was so impaired as to be unable to work. In fact, prior to March 1, 2005, the claimant's substance abuse was patently material to a finding of disability and inexorably interwoven with his other impairments. Accordingly, prior to March 1, 2005, the claimant was ineligible for benefits pursuant to Public Law 104-121. However, as of March 1, 2005, the record reflects that the claimant has been clean and sober. Moreover, despite same, his impairments have continued to exist, independent of substance abuse, and have eroded his ability to understand, remember and carry out work instructions as well as respond appropriately to supervision, co-workers and customary work pressures in a work setting. As such, the claimant is entitled to benefits beginning on March 1, 2005.

(R. 12-13 (citations omitted).)

DISCUSSION

Plaintiff argues that the ALJ erred because he (1) made no mention of Plaintiff's history of suicide attempts (Docket Entry 27 at 1); (2) ignored pre-2005 evidence that Plaintiff had a history of attempting to hurt himself (id.); (3) overlooked evidence that Plaintiff spent considerable time in jail and thus, in Plaintiff's view, could not have abused alcohol or drugs during the relevant timeframe (id. at 2); and (4) failed to give proper weight to Plaintiff's hearing testimony (see id. at 3). In accordance with the following discussion, Plaintiff's case is remanded for a clearer explanation of the Commissioner's decision.

I. Legal Standard

In reviewing the ruling of the ALJ, this Court will not determine de novo whether Plaintiff is in fact disabled. Thus, even if the Court may have reached a different decision, it must not substitute its own judgment for that of the ALJ. See Jones v. Sullivan, 949 F.2d 57, 59 (2d Cir. 1991) (internal quotations omitted). Instead, this Court must determine whether the ALJ's findings are supported by "substantial evidence in the record as a whole or are based on an erroneous legal standard." Curry v. Apfel, 209 F.3d 117, 122 (2d Cir. 2000) superseded by statute on other grounds, 20 C.F.R. § 404.1560 (internal quotations omitted). If the Court finds that substantial

4

evidence exists to support the Commissioner's decision, the decision will be upheld, even if evidence to the contrary exists. See Johnson v. Barnhart, 269 F. Supp. 2d 82, 84 (E.D.N.Y. 2003). "Substantial evidence is such evidence that a reasonable mind might accept as adequate to support a conclusion." Id. The substantial evidence test applies not only to the ALJ's findings of fact, but also to any inferences and conclusions of law drawn from such facts. See id.

To determine if substantial evidence exists to support the ALJ's findings, this Court must examine the entire record, including any conflicting evidence and any evidence from which conflicting inferences may be drawn when deciding if the findings are supported by substantial evidence. See Gonzalez v. Barnhart, No. 01-CV-7449, 2003 WL 21204448, at *2 (E.D.N.Y. May 21, 2003) (internal quotations omitted). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Where an ALJ's decision is not supported by substantial evidence, however, or where the Court is "'unable to fathom the ALJ's rationale in relation to the evidence in the record without further findings or clearer explanation for the decision,' remand is appropriate." Hernandez v. Astrue, 814 F. Supp. 2d 168, 184 (E.D.N.Y. 2011) (quoting Pratts v. Chater, 94 F.3d 34, 39 (2d Cir. 1996)).

## II. A Clearer Explanation is Required

Plaintiff's case must be remanded for a clearer explanation of the ALJ's rationale. Drug and alcohol abuse can, in certain cases, disqualify an applicant from receiving social security benefits. See Veino v. Barnhart, 312 F.3d 578, 580 (2d Cir. 2002). The Commissioner may not award benefits if alcohol or drug addiction is "a contributing factor material to the Commissioner's determination that the individual is disabled." Id. (quoting U.S.C. § 423(d)(2)(C)). "In determining whether alcohol or substance abuse is material to the determination of disability, the key factor is whether the Commissioner would still find the claimant disabled if she stopped using the alcohol or substance." Hernandez, 814 F. Supp. 2d at 181. In other words, alcohol or drug abuse only precludes an award of benefits where the abuse is a "but for" cause of the applicant's disability.

In Plaintiff's case, it is not clear that the ALJ properly determined that Plaintiff's substance abuse was a but for cause of his disability. In concluding that Plaintiff was disabled during the period after March 1, 2005 because his "impairments have continued to exist, independent of substance abuse," after that date (R. 13 (emphasis added)), the ALJ implied that the same impairments did not suffice to render Plaintiff disabled when they were combined with his drug and

6

alcohol use prior to March 2005. Put differently, if Plaintiff's impairments were disabling when he was sober, then the same impairments ought to have been disabling during the time when he was abusing drugs and alcohol.

The Commissioner argues that the different outcomes are justified because Plaintiff's impairments worsened from the period during which he was abusing drugs and alcohol to the post-March 2005 period during which he was clean. (Def. Br. 28.) That may be correct, and it may be what the ALJ meant when he noted that, post-March 2005, Plaintiff's impairments had "eroded" Plaintiff's ability "to understand, remember and carry out work instructions." (R. 13.) But that conclusion is undermined by language elsewhere in the ALJ's decision that Plaintiff's impairments "continued" after Plaintiff became sober and that his "<u>remaining</u> impairments, standing alone" were disabling. (R. 13-14 (emphasis added).) These phrases suggest that, rather than worsening, Plaintiff's level of impairment remained somewhat constant from when he was abusing drugs and alcohol to when he was not. Moreover, there is certainly evidence that Plaintiff's cognitive abilities were impaired prior to March 1, 2005. For example, in a July 3, 2003 report, Dr. Judith Shaw concluded that although Plaintiff's "trend of thought was coherent" (R. 154), he had "borderline intellectual

7

functioning" and his "insight appeared to be fair to poor" (R. 155).

## CONCLUSION

Because the Court is concerned that the Commissioner did not properly determine that Plaintiff's drug or alcohol abuse was a contributing factor material to his disability prior to March 1, 2005, this case is hereby remanded for a fuller explanation of the Commissioner's rationale. The Commissioner's motion (Docket Entry 22) is DENIED, and the Clerk of the Court is directed to mail Plaintiff a copy of this decision and to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:   May __22__, 2012
         Central Islip, New York